UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60759-CIV-ZLOCH

CICELYN BROWN,

     Plaintiff,

vs.                             **FINAL ORDER OF REMAND**

SUNRISE SENIOR LIVING
SERVICES, INC., d/b/a HORIZON
CLUB, SUNRISE HOME HEALTH
SERVICES and SPTMRT PROPERTIES
TRUST,

     Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff's Motions To Remand (DE Nos. 8 & 11). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

Plaintiff filed suit in Florida state court on April 17, 2009. On May 21, 2009, Defendants Sunrise Senior Living Services, Inc., d/b/a Horizon Club and SPTMRT Properties Trust removed this case to federal court. In their Notice Of Removal (DE 1), they claim jurisdiction is proper under 28 U.S.C. § 1332.

Plaintiff then filed the instant Motions (DE Nos. 8 & 11), asserting two separate bases for remanding this case to state court. In her first Motion (DE 8), she argues that Defendants' removal was untimely because it was done more than 30 days after service of the Complaint. In the second Motion (DE 11), she claims the Parties are not diverse and the Court lacks subject matter

jurisdiction over this action.  Plaintiff's challenge to the timing of Defendant's removal has been waived, but jurisdiction remains unclear; therefore, the Court will remand this action to state court.

I.

Plaintiff's first Motion (DE 8) is based on a procedural defect in the Notice Of Removal.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  An untimely notice of removal is a procedural flaw and does not rob a federal court of jurisdiction.  *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997).  Defendants removed this case on May 21, 2009, and Plaintiff filed her Motion (DE 8) on June 26, 2009.  Therefore, Plaintiff has waived any objection to the timeliness of removal by not filing her first Motion To Remand by June 22, 2009.  Plaintiff's first Motion will be denied.  28 U.S.C. § 1447(c).[1]

II.

Plaintiff filed a second Motion To Remand alleging complete diversity does not exist between the Parties.  Federal courts are

---

[1]Plaintiff's argument that she is entitled to a 3-day extension to the 30-day limitation is without merit.  Not only would another three days not render her objection timely, but such an extension is not properly applied to a "filing" deadline.  *See Jackson v. Crosby*, 375 F.3d 1291, 1293 n.5 (11th Cir. 2004).

courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1095, 1095 (11th Cir. 1994). Thus, statutes regulating federal jurisdiction on removal are strictly construed. *See Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100 (1941). In the Eleventh Circuit, cases are remanded when federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). The burden rests on the removing party to show that federal jurisdiction exists and that removal was proper. *Leonard v. Enterprise Rent-a-Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Under § 1332(a), diversity jurisdiction only exists where there is complete diversity of citizenship; that is, all plaintiffs must be diverse from all defendants. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Here, Plaintiff argues that Defendant Sunrise Home Health Services ("SHHS") is a Florida corporation, and because Plaintiff is also a Florida citizen, there is not complete diversity. Incomplete diversity is a jurisdictional defect, and it is not subject to the 30-day removal period. 28 U.S.C. 1447(c) ("*If at any time* before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). Defendants respond that diversity is not destroyed by SHHS for two reasons. First, they assert that SHHS is not a proper party because it is a dissolved corporation. DE 1, ¶ 7. Second, Defendants contend that SHHS is fraudulently joined in this action because no viable cause of action exists against it, or, alternatively, that it is a fictitious entity in no way affiliated with the co-Defendants. DE 20. As explained below, the Court is unpersuaded by Defendants' varied attempts to establish SHHS as an improper party to this action.

In their Notice Of Removal (DE 1), Defendants Sunrise Senior Living Services, Inc. d/b/a Horizon Club and SPTMRT Properties Trust do not list the state of incorporation or principal place of business of SHHS, but plead it as "a defunct corporation that was administratively dissolved in 2008." DE 1, ¶ 7. The contention that SHHS is a dissolved corporation does not thereby render it a fraudulent or irrelevant party here, because a dissolved corporation may still be sued in Florida. Fed. R. Civ. P. 17(b); *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1319 (N.D. Fla. 2001) ("Undisputably, Florida law permits an aggrieved party to sue a dissolved corporation.") (citing Fla. Stat. § 607.1405(2)(e)).

Defendants also argue that the removal is proper because SHHS

is fraudulently joined in this action. A non-diverse party who is fraudulently joined does not destroy diversity. 28 U.S.C. § 1441(b). Fraudulent joinder exists in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1286 (11th Cir. 1998). The removing party bears the burden of proving the existence of fraudulent joinder. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). And in determining whether a party has been fraudulently joined, factual allegations are viewed in the light most favorable to the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). If a mere possibility exists that a state court would find that the complaint states a cause of action against any one of the non-diverse defendants, joinder is proper and the case must be remanded to state court. *Triggs*, 154 F.3d at 1287.

Here, Defendants argue that the Complaint lacks any allegations that Plaintiff could state a cause of action against

5

SHHS, but that is not entirely accurate. In her Complaint, Plaintiff alleges that SHHS was responsible for the operation, care, and maintenance of the subject premises, and that it was negligent in creating and failing to correct a dangerous situation: a slippery floor. DE 1, Ex. B, ¶ 7. This is the same slippery floor that allegedly caused Plaintiff's injury. DE 1, Ex. B, ¶ 11. As the injury at issue took place in Florida, Florida substantive law applies. *Admiral Ins. Co. v. Feit Mgmt. Co.,* 321 F.3d 1326, 1328 (11th Cir. 2003). For the Plaintiff to prevail on her negligence claim, she must prove four elements: (1) Defendant owed her a legal duty; (2) Defendant breached that duty; (3) Defendant's breach was the actual and proximate cause of her injury; and (4) Plaintiff sustained actual damages from the injury. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). Plaintiff's allegations include everything she would need to prevail on her negligence claim: duty, breach, causation, and damages. Therefore, her allegations are sufficient to state a claim against SHHS.

Defendants also claim a second basis for fraudulent joinder: SHHS is a fictitious entity, unaffiliated with either co-Defendant, that "may have never been in operation." DE 20, Ex. 1, Affidavit of Stephanie Petrosky ¶ 6. However, Plaintiff has provided Exhibits that demonstrate Sunrise Home Health Services was both incorporated in the State of Florida, DE 11, Ex. 1, and affiliated

with co-Defendant Sunrise Senior Living Services, Inc., d/b/a Horizon Club.  DE 14-2, Exs. 4A, 4B, 4C.  The personal knowledge of Ms. Petrosky, the Executive Director of Sunrise Senior Living Services, Inc., is controverted by the Florida Department of State documentation provided by Plaintiff.  Thus, when viewing the factual allegations in the light most favorable to Plaintiff, the Court cannot conclude Defendants met their burden in establishing fraudulent joinder.

After a thorough review of the record in this case, federal jurisdiction remains anything but "absolutely clear."  *Whitt v. Sherman Intern. Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (reiterating the Eleventh Circuit's "preference for remand where federal jurisdiction is not absolutely clear").  Because a possible cause of action exists against SHHS, there is not complete diversity among the Parties to satisfy federal diversity jurisdiction.  In cases like this, remand is required.  *Burns*, 31 F.3d at 1095.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff Cicelyn Brown's Motion For Remand (DE 8) be and the same is hereby **DENIED;**

2.  Plaintiff's Cicelyn Brown's Motion To Remand (DE 11) be and the same is hereby **GRANTED;**

3. Pursuant to 28 U.S.C. § 1447(c), the above-styled cause be and the same is hereby **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction over the same;

4. The Clerk of the Court be and the same is hereby **DIRECTED** to forward a certified copy of this Final Order Of Remand to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 09-020446(02); and

5. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___7th___ day of August, 2009.

_____/s/ William J. Zloch_____
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record

Clerk, Circuit Court
Broward County
Case No. 09-020446(02)
(certified copy)